ACCEPTED
01-15-00349-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/2/2015 3:46:15 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00349-CV

IN THE COURT OF APPEALS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/2/2015 3:46:15 PM
CHRISTOPHER A. PRINE
Clerk

IN RE MANHATTAN | VAUGHN, JVP

Original Proceeding Regarding
Cause No. 2013-76550
In the 80th Judicial District Court of Harris County, Texas

RELATOR'S REPLY TO REAL PARTIES IN INTEREST'S RESPONSE
TO RELATOR'S PETITION FOR WRIT OF MANDAMUS

J.J. Knauff
State Bar No. 24032517
jknauff@tmlfpc.com
Michael A. Miller
State Bar No. 14100650
mmiller@tmlfpc.com
Clark S. Butler
State Bar No. 00793437
cbutler@tmlfpc.com

THE MILLER LAW FIRM
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219-4535
(469) 916-2552
(469) 916-2555 – Telefax

COUNSEL FOR RELATOR
MANHATTAN | VAUGHN, JVP

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents ............................................................................................. ii

Index of Authorities ....................................................................................... iii

Argument............................................................................................................ 1

    1. Summary of Argument................................................................... 1

    2. Rebuttal to Appellee's Brief........................................................ 1

Prayer for Relief .......................................................................................... 12

Certificate of Service ................................................................................... 13

Certificate of Compliance ........................................................................... 13

Verification....................................................................................................... 14

# INDEX OF AUTHORITIES

## Cases

*In re BP Prods. N. Am., Inc.,*
    263 S.W.3d 106 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).... 2

## Rules

TEX. DISCIPLINARY R. OF PROF. CONDUCT 3.08 ....................................... 11

TEX. R. CIV. P. 193 ..............................................................5, 6, 9-10, 10

# ARGUMENT

## 1. Summary of Argument.

Respondent's Order violated Relator's due process rights because there was no notice of a hearing on the First Amended Third Motion to Compel. Additionally, Respondent abused his discretion by granting more relief than was requested by requiring production of the Privileged Notes and Box that were not the subject of any valid, pending noticed motion. Finally, Respondent abused his discretion by ordering production of the Privileged Notes when they were clearly subject to the attorney-client and/or work product privileges because they were created after counsel was hired, after litigation was anticipated, and the Privileged Notes were transcribed by a representative acting upon instructions from counsel.

## 2. Rebuttal to Response by Real Parties in Interest.

### A. Real Parties In Interest incorrectly recite the factual/procedural history of this case by asserting that Relator failed to comply with the trial court's instruction when such an assertion is not supported by the record.

The Real Parties In Interest (hereinafter "Plaintiffs") assert the trial court instructed Relator to "produce all documents responsive to Plaintiffs' requests or submit a privilege log for documents claimed to be protected by attorney-client privilege for in camera review. Contrary to the [trial court's] instruction, Relator produced a privilege log claiming attorney-client and work product privileges for

all documents contained in the box" (Response ¶ 11). The foregoing assertion that Relator acted in a manner that was contrary to the trial court's instruction is demonstrably false because the trial court did not limit its instruction to just attorney-client privilege as shown in the following hearing excerpts:

> I'm going to order the Defendant to prepare a privilege log to documents that sound like they may be responsive but to which you're claiming a privilege. Then those documents can be reviewed in camera by the Court.

(TAB[1] 10 p. 27/18-24).

> If it's not in the box and you haven't turned over to the Plaintiff everything in the box, then at least prepare a log so we understand what it is that either hasn't been produced to them or the Court so they have the ability to challenge it if they believe it's something that's discoverable that you haven't produced.

(TAB 10 p. 58/4-10). The foregoing instructions by the trial court were clear, concise, and not limited to only "attorney-client privilege" as Plaintiffs have alleged. In fact, Jason Gibson, counsel for Plaintiffs, restated the trial court's instruction when he stated:

> [T]hey're going to produce a list or a privilege log -- either produce it, tell us what's in there or, if they're going to claim privilege, then give us a privilege log; and then we'll take that up separately.

(TAB 10 p. 59/16-20).

---

[1] As used herein, "TAB" references each tab in the appendix to Relator's Petition for Writ of Mandamus and the evidence contained therein is incorporated fully herein.

The foregoing excerpts establish Plaintiffs' assertions lack merit. On December 5, 2014 the trial court ordered that Relator provide a privilege log (TAB 10 p. 27/21-25, p. 30/3-5, p. 57/24-58/10), and on December 8, 2014 Relator complied with the order (TAB 16, Ex. G). Therefore, this Court should disregard the foregoing complaints in determining the merits of Relator's Mandamus Petition.

**B.    Plaintiffs' argument that Relator had multiple opportunities to be heard does not remedy the lack of notice and violation of Relator's due process rights.**

Plaintiffs do not contest that they failed to provide proper notice of the hearing on their Amended Third Motion to Compel; rather, they contend the issues had been before the trial court for months and Relator "had a month's notice of the hearing on Plaintiffs' Amended Third Motion to Compel" (Response ¶¶ 26, 14, 25). Plaintiffs' statement of "a month's notice" of the hearing on the Amended Third Motion to Compel fails to direct this Court to any evidence of such notice, contradicts the facts, and contradicts Plaintiffs' judicial admission that notice of a hearing on Plaintiffs initial "Third Motion to Compel" was given on December 22, 2014 but "[s]even days before the hearing, Plaintiffs filed an Amended Third Motion to Compel" (Response ¶ 13). The lack of proper notice on the Amended Third Motion to Compel is precisely what Relator complains about in its

Mandamus (Mandamus Statement of Facts § I (B)(vi)-(vii); Mandamus Argument § III (A)).

Further, Plaintiffs' allegation that Relator's due process rights were not violated because it "had four separate opportunities to provide argument and evidence" does not hold water given the fact that only one of the "four separate opportunities" was properly noticed.[2] The "four separate occasions" where argument was entertained actually consisted of a hearing on Relator's Special Exceptions on November 21, 2014 (unnoticed), Plaintiffs' Motion to Compel Responses to Requests for Production Nos. 38, 40, 42, and 46 on December 5, 2014 (noticed), and the January 23, 2015 hearing on Plaintiffs' Amended Third Motion to Compel (unnoticed) (Mandamus Summary of Facts § I (B)(ii); TAB 8; TAB 15). Relator could not find an additional hearing where it had the opportunity to "provide argument and evidence" in this matter.[3] Moreover, Relator objected in

---

[2] Although Plaintiffs attempted to compel responses to Nos. 38, 40, 42, and 46 at the December 5, 2014 hearing, they attempted to expand the compelled discovery to include all of their requests for production without notice or an opportunity for Relator to respond and Relator objected to inclusion of any additional requests for lack of notice and for not being properly before the trial court (TAB 10 p. 21/14-22/14, p. 44/14-17, p. 45/18-46/13, p. 47/21-p. 48/7, 52/6-53/10)

[3] Relator assumes the other "opportunit[y]" referenced is either the telephonic hearing on December 10, 2014 on Relator's Emergency Motion for Rehearing or the April 7, 2015 Status Conference telephonic hearing. The December 10 hearing was almost exclusively based upon arguments in support of the admission of the affidavit of Tom Kramer and not the merits of the Motion to Compel (TAB 11; TAB 13). The April 7 hearing, like so many of the other hearings, was not specifically represented that it was to discuss the merits of any motion to compel; rather, it was represented to be a conference to "review the status of pending motions, a proposed new docket control order, and the progression of the case generally before the court" (TAB 24).

writing (TAB 6; TAB 9; TAB 18; TAB 19) and at each improperly noticed hearing whenever the arguments were brought up (TAB 6; TAB 10 p. 21/5-22/14, p. 26/18-22, p. 36/20-37/3, p. 39/25-40/7, p. 50/5-10; TAB 20 p. 3/13-4/12, p. 6/9-15, 10/20-11/15, p. 12/3-18).

More importantly, Plaintiffs' argument is a red herring that fails to address the pressing issue before this Court, namely, whether the trial court granted more relief than requested when it heard and granted a motion to compel discovery based upon a motion that was superseded by operation of law and, as such, there was no relevant motion upon which relief could be granted. Thus, the trial court either entered a void order or it granted more relief than was requested. Because Relator objected to the lack of notice and violation of its due process rights at every turn and because the trial court entered a void order or an order granting more relief than was requested, this Court should grant the Mandamus Petition.

## C. Plaintiffs' waiver argument fails because they rely upon the wrong standard.

Relying on Rule 193.3(a)-(b), Plaintiffs maintain Relator waived its objections based upon privilege because it did not provide a privilege log at the time it answered discovery (Response p. 15-19); however, this assertion fails for four reasons. First, Relator originally lodged objections to Requests for Production

---

Further, the April 7 status conference was the forum where the trial court issued the complained-of order compelling the Privileged Notes.

Nos. 38, 40, 46, and 48 based upon the attorney-client, work product, and/or joint defense privileges. (TAB 10 p. 57/1-3; TAB 16, Ex. G). Second, Relator was not required to complete a privilege log for items that are covered by the attorney-client or work product privileges and argued as much to the trial court (TAB 10 p. 41/10-11; TAB 20 p. 47/14-20). *See In re BP Prods. N. Am., Inc.*, 263 S.W.3d 106, 112 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing Tex. R. Civ. P. 193.3(c) and stating, "When a privilege is asserted under Rule 193.3(c), a party need not comply with Tex. R. Civ. P. 193.3(a) and (b), which require, upon request, a description of the information or materials withheld, often referred to as a privilege log, and an assertion of a specific privilege for each item or group of items withheld."). Third, the trial court never ruled that the lack of a privilege log constituted waiver; rather, it implicitly overruled such an argument by allowing Relator to remedy this alleged failure by timely submitting such a log without penalty (TAB 10 p. 27/21-25, p. 30/3-5, p. 32/8-9, p. 57/24–58/10; TAB 20 p. 46/1-16). Because a privilege log was not required under the rules, Plaintiffs' argument lacks merit and should be disregarded by the Court.

D.   **Plaintiffs' argument that Relator's policy manual and the Kramer affidavit establish the notes/report were in the regular course of business are not supported by evidence.**

Plaintiffs allege the Privileged Notes are not privileged because they were kept in the regular course of business as required by Relator's written policies

(Response p. 20-28). This argument is conclusory and fails to account for the only relevant evidence regarding how the Privileged Notes came to exist—the affidavit of Gary Lambert.

Relator's policies and procedures do not apply to establish the Privileged Notes were completed in the regular course of business. A simple comparison between various formal reports submitted in camera with the Privileged Notes facially establishes that the Privileged Notes were not the type of document contemplated by the policies and procedures (Compare Privileged Notes with TAB 25). For instance, the Privileged Notes are handwritten and/or typed but have no heading, are not on letterhead, and are unsigned (In camera Privileged Notes). By contrast, a formal accident report would be similar to that found in TAB 25,[4] which is on letterhead, has questions to answer with blank spaces, contains sections for preventive measures, corrective actions, incident evaluation, and is signed by the person or persons conducting the investigation (TAB 25).

Although the policies show a report is generally completed after an accident, in this case no formal report was completed because litigation counsel was involved from day one, the investigation was turned over to counsel, and the only credible evidence before the trial court was Gary Lambert's testimony that he created the notes and typed summary in an effort to report to litigation counsel

---

[4] TAB 25 is a representative example of a formal report that was contained in the Relator's privilege log and before the trial court to determine the merits of Relator's privilege objections (TAB 19, Ex. 4).

regarding the accident (Tab 20 p. 47/2-13, p. 39/1-41/7; Tab 19, Ex. 5). Specifically, Gary Lambert attested, "Mike Miller [Relator's counsel] arrived at the TAMU site within hours after the accident. Mike Miller asked me to sit in on meetings and report back to him regarding those meetings. My notes and other documents I generated were the result of those instructions . . . [and] I thought [they] would be confidential" (TAB 20 p. 39/23-41/17, p. 63/8-64/16; TAB 19, Ex. 5). The foregoing affidavit establishes the genesis of the notes as being an instruction from litigation counsel, Mike Miller, to report to him regarding the accident. Further, the affidavit of Tom Kramer establishes that Relator anticipated litigation immediately upon learning of the accident and retained litigation counsel to investigate and prepare for possible litigation (TAB 6). Thus, Relator met its initial burden to prove an applicable privilege and the trial court erred by overruling the privileges and ordering such records be produced.

In addition and assuming *arguendo* the attorney-client or core work product privileges do not apply, which is denied, the Privileged Notes are "other work product" and are only discoverable upon a showing of "substantial need" and that Plaintiffs are "unable without undue hardship to obtain the substantial equivalent of the material by other means." *In re BP*, 263 S.W.3d at 113. In this case, however, Plaintiffs never showed a substantial need or that the substantial equivalent of the information from the Privileged Notes could not be obtained by

other means. In fact, the trial court noted Plaintiffs would have an opportunity to determine whether a report actually existed once they deposed Gary Lambert (TAB 10 p. 55/9-12). Notwithstanding the foregoing, Plaintiffs were given the opportunity to depose Lambert but failed to ask a single question regarding the the observations of Lambert or the content of the notes or alleged report (TAB 20 p. 50/20-25). Further, Plaintiffs sought to re-depose Gary Lambert and the scope of this deposition was discussed by the trial court wherein it stated, without objection by counsel, that Lambert could be asked about his factual observations, factual investigation, what he observed, what he found, and the names or identities of witnesses he spoke with (TAB 20 p. 73/7-12). Lambert's Privileged Notes are not needed in order for Plaintiffs to obtain substantially the same information as in a deposition. As a result, mandamus should issue.

**E.    Plaintiffs' assertion that Relator concealed 1,200 pages of documents for months is not supported by the record.**

Plaintiffs allege Relator wrongfully concealed or did not disclose 1,200 pages of documents that may have been responsive to discovery requests. These assertions are not supported by the rules of procedure or the record.

The Rules provide that a "party must amend or supplement the statement if additional privileged information or material is found subsequent to the initial response. Thus, when large numbers of documents are being produced, a party may

amend the initial response when documents are found as to which the party claims privilege." TEX. R. CIV. P. 193, n. 3. The Rules further contemplate that discovery must be amended or supplemented "reasonably promptly" after the party discovers a response to written discovery is incorrect or incomplete. TEX. R. CIV. P. 193.5.

Tom Kramer stated in his affidavit that the existence of the Privileged Notes was unknown until after November 18, 2014 when Plaintiffs' counsel informed Relator's counsel that he believed a report existed and Kramer began his Quixotic quest to find such a report (TAB 6 p. 4). Kramer attested he discovered a box of documents containing the Privileged Notes and immediately turned them over to Relator's counsel (TAB 6 p. 4). Shortly thereafter, Relator made the existence of the Privileged Notes known to Plaintiffs and the trial court on December 1, 2014 (TAB 6). On December 5, 2014 the trial court ordered that a privilege log be submitted and Relator complied with this order on December 8, 2014 (TAB 14, Ex. F). Because Relator did not actively conceal records but, rather, timely supplemented, this Court should disregard Plaintiffs' hyperbole and grant Mandamus.

## F. Evidence proffered by Plaintiffs is objectionably and not admissible.

Plaintiffs refer this Court to the affidavit of Jonathan Sneed (TAB 16, Ex. A), the affidavit of Casey Jordan (TAB 16, Ex. B), various texts and emails, and a transcribed recording of a call allegedly between Gary Lambert and Jonathan

Sneed in an effort to support their arguments (Response ¶ 20) (TAB 16, Ex. I; TAB 20 p. 51/24-52/3, p. 62/15-20). Sneed and Jordan were both attorneys for the law firm representing Plaintiffs at the time of the affidavits and Relator objected to these affidavits as as incompetent under Rule 3.08 of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, legally invalid because they did not aver the facts were true and correct, hearsay, and conclusory (TAB 18; TAB 19; TAB 20 p. 39/23-40/3). To the extent Plaintiffs rely on the foregoing affidavits, texts, emails and/or other self-serving but unauthenticated documents, Relator objects and prays the Court disregard same in determining the merits of this Mandamus.

The only relevant and admissible evidence before the trial court regarding the privilege issues was contained in the affidavits of Tom Kramer and Gary Lambert (TAB 6; TAB 19, Ex. 5). This evidence was what the trial court should have reviewed to determine the applicability of the attorney-client and work product privileges and both affidavits establish the propriety of the privileges. Because the trial court ruled the Privileged Notes were not privileged and should be produced even though the privileges were established, this Court should grant Mandamus.

## G.  Conclusion

For the reasons contained in this pleading and the Petition for Writ of Mandamus, Relator prays this Court will grant it the extraordinary relief requested because to do otherwise would cause undue harm to Relator. The production of the Privileged Notes cannot be cured on appeal.

**PRAYER FOR RELIEF**

**WHEREFORE,** Relator respectfully requests that:

(1)  this Court determine the Privileged Notes are privileged and should not be produced;

(2)  this Court grant Relator's Application for Writ of Mandamus directed to Respondent, and command him to (1) vacate his order, and any subsequent order in compliance with same, as addressed herein, and (2) sign, and cause to be entered in the court minutes, an Order denying Plaintiff's Motion to Compel; and

(3)  this Court grant such other and further relief to which Relator may show itself justly entitled, including costs regarding this original proceeding.

Respectfully submitted,

*/s/ J.J. Knauff*
**J.J. KNAUFF**
State Bar No. 24032517
jknauff@tmlfpc.com

**THE MILLER LAW FIRM**
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219-4535
(469) 916-2552
(469) 916-2555 – Telefax

**ATTORNEYS FOR RELATOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via e-filing to all counsel of record as listed below on this 2nd of June 2015.

*__Respondent__*
Honorable Larry Weiman
Judge, 80th Judicial District Court of Harris County

*__Attorneys for the Plaintiff__*
Jason Gibson
The Gibson Law Firm
440 Louisiana, Suite 2400
Houston, Texas 77002
*Plaintiffs' Counsel*

*/s/ J.J. Knauff*
**J.J. KNAUFF**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition was prepared using Microsoft Word, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 2,898 words.

*/s/ J.J. KNAUFF*
**J.J. KNAUFF**

No. 01-15-00349-CV

---

## IN THE COURT OF APPEALS
## AT HOUSTON

---

## IN RE MANHATTAN | VAUGHN, JVP

---

### Original Proceeding Regarding
### Cause No. 2013-76550
### In the 80th Judicial District Court of Harris County, Texas

---

### SUPPLEMENTAL AFFIDAVIT

---

| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

**BEFORE ME**, the undersigned authority, on this day personally appeared J.J. KNAUFF, who is personally known to me and, who, after being duly sworn according to law, deposed and said:

"My name is J.J. Knauff. I am of sound mind, over the age of twenty-one (21) years old, capable of making this affidavit, have never been convicted of a felony, and have personal knowledge of the facts stated herein and affirm that the following is true and correct.

"I am an attorney of record for Relator in the Underlying Suit, Cause No. 2013-76550, in the 80th Judicial District Court of Harris County, Texas (the "Underlying Suit"). I have reviewed the pleadings, discovery, correspondence, and other documents that have been generated and served in this matter. I have also attended the many of the depositions taken in this matter and have taken depositions in this matter. As a result, I have personal knowledge of the pleadings and discovery filed and served in the Underlying Suit, including those filed by Relator and those by other parties. I have read Relator's Petition for Writ of Mandamus and Reply to Response to Relator's Petition for Writ of Mandamus, and all factual statements made therein are true and correct."

"Attached hereto as the Record in this original proceeding are true and correct copies of the following documents and attachments thereto:

**TAB 24:** Notice of Status Conference;

**TAB 25:** Relator's Accident Investigation Report: Derr Isabel (MV_LAMBERT.000199-000216);

**TAB 26:** Affidavit of J.J. Knauff.

"The documents and attachments contained in Exhibits "24-25" above are true and correct copies of the originals."

**FURTHER, AFFIANT SAYETH NOT.**

J.J. KNAUFF

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 2nd day of June 2015, to certify which witness my hand and seal of office.

KAREN I. MORGAN
NOTARY PUBLIC
State of Texas
Comm. Exp. 01-11-2019

Notary Public in and for the
State of Texas

3/27/2015 4:43:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4680862
By: ALEX CASARES
Filed: 3/27/2015 4:43:08 PM

Cause No. 2013-76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually | § | IN THE DISTRICT COURT OF |
| and as Heir to the Estate of ANGEL | § | |
| GARCIA (Deceased); and ORBELINDA | § | |
| HERRERA, as Next Friend of ASHLEY | § | |
| GARCIA and BRYAN GARCIA (Minors) | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MANHATTAN \| VAUGHN, JVP, | § | |
| TEXAS CUTTING & CORING, LP, | § | |
| TEXAS CUTTING & CORING, GP, INC. | § | |
| and LINDAMOOD DEMOLITION, INC. | § | 80th JUDICIAL DISTRICT |

## NOTICE OF STATUS CONFERENCE

PLEASE TAKE NOTICE a Status Conference will be held on **Tuesday, April 7, 2014 at 4:30 p.m.** in order to review the status of pending motions, a proposed new docket control order and the progression of the case generally before the court. Please note the call-in number is 713.345.9879, passcode: 3686100#.

Respectfully Submitted,

THE GIBSON LAW FIRM

Jason A. Gibson
State Bar No. 24000606
Casey L. Jordan
State Bar No. 24090599
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**

TAB 24

## CERTIFICATE OF SERVICE

I certify a copy of this document was served to all counsel of record by first class regular mail and/or fax on March 27, 2015.

_____

Casey L. Jordan

2

TAB 24



Manhattan Vaughn
PO Box 11610
College Station, Texas 77842

713.332.7250 (office)
979.268.7540 (facsimile)

## ACCIDENT INVESTIGATION REPORT FOR INJURY / PROPERTY DAMAGE

Company: BiggE Equipment Company, Cuberos Trucking & Derr Isabel

Truck Driver: Cuberos Trucking Roberto Lara 281-414-5534
Vehicle Driver: Avary Edwards 512-970-5932
Date & Time of Incident: 10/22/13 4:48 pm.
Date of Report: 10/23/13

Location of Property Damage: A&M University Joe Rout St. & Houston St.

Type of Damage: Vehicle damage to left front fender of 2004 Jeep Cherokee

Estimated Cost of Damage: Unknown

Description of Incident: BiggE Equipment was erecting a 330 Ton Crane on the north end of Kyle Field, College Station Texas.
William Bailey with BiggE Equipment hired Cuberos Trucking from Porter Texas to deliver different pieces of the crane's boom.
All trucks were instructed to drive north on Houston St., off load and exit back to the south on Houston St. same as entering the project.
Derr Isabel Superintendent Rick Fayard instructed the Cuberos truck driver 2-3 times do not turn north out of the gate but to the south on Houston St.
The truck driver disregarded the instructions and backed to the south and drove towards the north on Houston St. He moved over into the southbound lane to clear the corner for the right hand turn onto Joe Rout St.
The 2004 Jeep was legally in her lane of traffic at the stop sign on the corner of Joe Rout St. and Houston St.
When she observed the trailer moving toward her driver side front fender she started honking her horn to warn the truck driver.
The truck driver completed his right turn and clipped the front left fender of her vehicle.
Gary Lambert with Manhattan Vaughn questioned the driver as to why he didn't follow instructions on how to exit the project and he said he wanted to turn right onto Joe Rout, and then back the rig past Houston St. and turn back to the south on Houston.
I immediately ask him if he planned on backing his truck towards one way traffic without a flagger to stop oncoming traffic. No answer?
I met with the BiggE supervisor and instructed him to prohibit this driver from any future deliveries to the Kyle Field Project.

Gary Lambert
Manhattan Vaughn Safety Department
glambert@manhattanvaughn.com
214-687-1651
Kyle Field College Station Texas

TAB 25

MV_LAMBERT.000199

Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714  Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
* =These fields are required on all additional sheets submitted for this crash (ex. additional vehicles, occupants, injured, etc.)

Page 1 of 6

**IDENTIFICATION & LOCATION**

*Crash Date (MM/DD/YYYY): 10/22/2013  *Crash Time (24HRMM): 1 6 3 0  Case ID: 13-1022-0003  Local Use:

*County Name: BRAZOS  *City Name: COLLEGE STATION  ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No  Latitude (decimal degrees):  Longitude (decimal degrees):

**ROAD ON WHICH CRASH OCCURRED**

*1 Rdwy. Sys.: LR  *Hwy. Num.:  2 Rdwy. Part: 1  Block Num.:  3 Street Prefix:  *Street Name: SOUTH HOUSTON ST.  4 Street Suffix:

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot  ☐ Toll Road/ Toll Lane  Speed Limit: 30  Const. Zone ☒ Yes ☐ No  Workers Present ☒ Yes ☐ No  Street Desc.: TWO WAY

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER.**

At Int. ☒ Yes ☐ No  1 Rdwy. Sys.: LR  Hwy. Num.:  2 Rdwy. Part: 1  Block Num.:  3 Street Prefix:  Street Name: JOE ROUTT BLVD.  4 Street Suffix:

Distance from Int. or Ref. Marker:  ☐ FT ☐ MI  3 Dir. from Int. or Ref. Marker:  Reference Marker:  Street Desc.: ONE WAY  RRX Num.:

**VEHICLE, DRIVER, & PERSONS**

Unit Num.: 1  6 Unit Desc.: 1  ☐ Parked Vehicle  ☐ Hit and Run  LP State: TX  LP Num.: RN8V24  VIN: 1 M 1 A A 1 4 Y 4 T W 0 6 4 5 8 3

Veh. Year: 1 9 9 6  6 Veh. Color: RED  Veh. Make: MACK  Veh. Model:  7 Body Style: TT  ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 2  DL/ID State: TX  DL/ID Num.: 14924732  9 DL Class: A  10 CDL End.: N  11 DL Rest.: 96  DOB (MM/DD/YYYY): 12/05/1975

Address (Street, City, State, ZIP): 610 HILLOCK BLUFF CIRCLE, HOUSTON, TX 77073

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | LARA, ROBERTO, A | N | 37 | H | 1 | 1 | 3 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee  Owner/Lessee Name & Address: CUBERO SR, ELOY  24737 ROBERT DR., PORTER, TX 77365

Proof of Fin. Resp. ☒ Yes ☐ No ☐ Expired ☐ Exempt  26 Fin. Resp. Type: 1  Fin. Resp. Name: MAXUM CASUALTY INSURANCE  Fin. Resp. Num.: TRK6016404003

Fin. Resp. Phone Num.: (713) 527-0444  27 Vehicle Damage Rating 1:  27 Vehicle Damage Rating 2:  Vehicle Inventoried ☐ Yes ☒ No

Towed By:  Towed To:

---

Unit Num.: 2  6 Unit Desc.: 6  ☐ Parked Vehicle  ☐ Hit and Run  LP State: TX  LP Num.: Z24244  VIN: 4 0 F L 0 4 8 3 7 T 1 0 1 3 8 6 1

Veh. Year: 1 9 9 6  6 Veh. Color: BLK  Veh. Make: TALB  Veh. Model: TRAILER  7 Body Style: TL  ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type:  DL/ID State:  DL/ID Num.:  9 DL Class:  10 CDL End.:  11 DL Rest.:  DOB (MM/DD/YYYY):

Address (Street, City, State, ZIP):

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☐ Lessee  Owner/Lessee Name & Address: CUBERO SR, ELOY  24737 ROBERT DR., PORTER, TX 77365

Proof of Fin. Resp. ☒ Yes ☐ No ☐ Expired ☐ Exempt  26 Fin. Resp. Type: 1  Fin. Resp. Name: MAXUM CASUALTY INSURANCE  Fin. Resp. Num.: TRK6016404003

Fin. Resp. Phone Num.: (713) 527-0444  27 Vehicle Damage Rating 1: 2 R B Q 1  27 Vehicle Damage Rating 2:  Vehicle Inventoried ☐ Yes ☒ No

Towed By:  Towed To:

TAB 25

MV_LAMBERT.000200

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | TURNED FROM WRONG LANE | 210337 |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

Unit Num. **1**   ☑ 10,001+ LBS.   ☐ TRANSPORTING HAZARDOUS MATERIAL   ☐ 9+ CAPACITY   28 Veh. Oper. **1**   29 Carrier ID Type **2**   Carrier ID Num. **005462088C**

Carrier's Corp. Name **FULKERSON & FULKERSON**   Carrier's Primary Addr. **1920 KING RICHARDS CT., MONTGOMERY   TX 77316**

| 30 Rdwy. Access **1** | 31 Veh. Type **11** | ☐ RGVW  ☑ GVWR **13,000** | HazMat Released ☐ Yes ☑ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. |

| 33 Cargo Body Style **5** | Trailer 1 Unit Num. **2** | ☐ RGVW  ☐ GVWR **0** | 34 Trlr. Type **1** | Trailer 2 Unit Num. | ☐ RGVW  ☐ GVWR | 34 Trlr. Type |

| Sequence Of Events | 35 Seq. 1 **13** | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles **3** | Total Num. Tires **10** |

## FACTORS & CONDITIONS

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) Contributing | May Have Contrib. | 37 Vehicle Defects (Investigator's Opinion) Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 65 | 48 | | | | | | | | | |
| 2 | | | | | 1 | 1 | 2 | 1 | 1 | 1 | 98 |

## NARRATIVE & DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

Unit 1 (towing Unit 2) was NB on Houston St. Driver of Units 1 & 2 attempted to turn east onto Joe Routt but was not able to make the turn successfully. Driver of Units 1 & 2 stated he backed onto Houston St. into the SB lane of travel to attempt the turn again. Unit 3, which was stopped by a flagman south of the intersection on Houston St., was allowed to proceed to the intersection. Unit 3 then came to a stop in the NB lane of travel at the stop sign for the intersection. Before Unit 3 began to turn, driver of Units 1 & 2 began to turn east onto Joe Routt from the SB lane of Houston St. Unit 2 then struck Unit 3 as she remained stopped at the stop sign. Driver of Units 1 & 2 stated he did not see Unit 3 stopped at the stop sign.

Witness Information:

* * Continued * *

Indicate North

Field Diagram - Not to Scale

## INVESTIGATOR

Time Notified (24HRMM) **16315**   How Notified **WITNESS**   Time Arrived (24HRMM) **16315**   Report Date (MM/DD/YYYY) **10/22/2013**

Invest Comp. ☑ Yes ☐ No   Investigator Name (Printed) **VAN DRESAR, TODD**   ID Num. **905008245**

ORI Num. **TX0210400**   *Agency **TEXAS A & M UNIVERSITY POLICE**   District/Area

TAB 25

MV_LAMBERT.000201

Law Enforcement and TxDOT Use ONLY
☐ FATAL ☒ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num Units 0,0,3  Total Num Prsns 0,0,2  TxDOT Crash ID

Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (812) 486-5780
Refer to Attached Code Sheet for Numbered Fields
* =These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 3 of 6

**IDENTIFICATION & LOCATION**

| *Crash Date (MM/DD/YYYY) | 1,0 / 2,2 / 2,0,1,3 | *Crash Time (24HRMM) | 1,6,3,0 | Case ID | 13-1022-0003 | Local Use |
|---|---|---|---|---|---|---|

*County Name: **BRAZOS**  *City Name: **COLLEGE STATION**  ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

Latitude (decimal degrees): | | | . | | | | |    Longitude (decimal degrees): | | | . | | | | |

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. LR | *Hwy. Num. | 2 Rdwy Part 1 | Block Num. | 3 Street Prefix | *Street Name **SOUTH HOUSTON ST.** | 4 Street Suffix |
|---|---|---|---|---|---|---|

Crash Occurred on a Private Drive or Road/Private Property/Parking Lot ☐    Toll Road/Toll Lane ☐    Speed Limit 30    Const ☒ Yes ☐ No    Workers ☒ Yes ☐ No Present    Street Desc **TWO WAY**

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int. ☒ Yes ☐ No | 1 Rdwy. Sys. LR | Hwy. Num. | 2 Rdwy Part 1 | Block Num. | 3 Street Prefix | Street Name **JOE ROUTT BLVD.** | 4 Street Suffix

Distance from Int. or Ref. Marker | ☐ FT ☐ MI | 3.Dir. from Int or Ref. Marker | Reference Marker | Street Desc **ONE WAY** | RRX Num. | | | | | |

| Unit Num. 3 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. **AVAFLV** | VIN 1,J,4,G,W,4,8,S,4,4,C,3,0,6,8,5,4 |
|---|---|---|---|---|---|---|

| Veh. Year 2,0,0,4 | 6 Veh. Color SIL | Veh. Make JEP | Veh. Model CHEROKEE | 7 Body Style SV | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. 27608335 | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. A | DOB (MM/DD/YYYY) 0,7 / 2,3 / 1,9,9,3 |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP): **1206 SILVER HILL DR, AUSTIN, TX 78746**

**VEHICLE, DRIVER, & PERSONS**

| Person Num. | 12 Pren. Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | EDWARDS, AVERY, ELIZABETH | N | 20 | W | 2 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |

*Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.*

☒ Owner ☐ Lessee    Owner/Lessee Name & Address: **EDWARDS, AVERY, ELIZABETH 1206 SILVER HILL DR, AUSTIN, TX 78746**

Proof of Fin. Resp. ☒ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 1 | Fin. Resp. Name **LIBERTY CASUALTY MUTUAL** | Fin. Resp. Num. **ABT2918946410030**

Fin. Resp. Phone Num. **(800) 553-3191** | 27 Vehicle Damage Rating 1  9  -  F,D  -  2 | 27 Vehicle Damage Rating 2 | | | - | | | - | | | Vehicle Inventoried ☐ Yes ☒ No

Towed By **A1 TOWING** | Towed To **A1 TOWING BRYAN TX.**

| Unit Num. | 5 Unit Desc. | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 6 Veh. Color | Veh. Make | Veh. Model | 7 Body Style | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP):

| Person Num. | 12 Pren. Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |

*Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.*

☐ Owner ☐ Lessee    Owner/Lessee Name & Address:

Proof of Fin. Resp. ☐ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | Fin. Resp. Name | Fin. Resp. Num.

Fin. Resp. Phone Num. | 27 Vehicle Damage Rating 1 | | | - | | | - | | | 27 Vehicle Damage Rating 2 | | | - | | | - | | | Vehicle Inventoried ☐ Yes ☐ No

Towed By | Towed To

TAB 25                    MV_LAMBERT.000202

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

**CMV**

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 8+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|---|

Carrier's Corp. Name          Carrier's Primary Addr.

| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. |
|---|---|---|---|---|---|---|---|

| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |
|---|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |
|---|---|---|---|---|---|---|

**FACTORS & CONDITIONS**

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | | | | | 1 | 1 | 2 | 1 | 1 | 1 | 98 |

**NARRATIVE & DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

Indicate North

Field Diagram - Not to Scale

* * Continued * *

**INVESTIGATOR**

Time Notified (24HRMM) 1635    How Notified WITNESS    Time Arrived (24HRMM) 1635    Report Date (MM/DD/YYYY) 10/22/2013

Invest. Comp. ☒ Yes ☐ No    Investigator Name (Printed) VAN DRESAR, TODD    ID Num. 905008245

ORI Num. TX0210400    *Agency TEXAS A & M UNIVERSITY POLICE    District/Area

TAB 25

MV_LAMBERT.000203

13-1022-0003

Indicate North



Drawing Not To Scale.



JOE ROUTT BLVD

HOUSTON ST

TAB 25

MV_LAMBERT.000204

### Section A - General Information        Report Date:

Type of incident: Accident with injury ___ Property damage ✓ Environmental ___ Occ. illness ___
Other (explain) 18 wheeler ouch offsite was ran into by car
Accident or incident date: 10-22-13        Time: ___        Shift: ___
Investigated by:
COLE ROJAS

_____ Witnesses contacted  Manhattan Road flagger
~~associate~~ Desmond Davis
Desmond Davis

List all employees involved & craft: check if injured
_____ N/A

Supervisor in charge of Shift: Rick Fayard        Functional Lead: _____

### Section B - Injury Description

Provide a brief description of the injury including location. _____
N/A

### Section C - Incident Description

Describe the Incident:
After being escorted offsite by Derr & Isbell employee, 1 Block down the street a student driving on campus ignored road side flagger and subsequently ran into the back of an 18 wheeler attempting to make a right turn. The roadside signaler stated he used both road side signs and hand signals in attempt to stop the student driver. The signaler also stated that the driver then sped up and ignored the campus stop sign in an apparent attempt to pass the 18 wheel

Interim Measures - If temporary interim measures (to prevent similar incidents) have been implemented until the investigation is completed describe here.

Note: Additional forms are available for Employee Statements, Change Analysis, Sequence of Actions & Events, and additional notes. Use as required for the investigation.

TAB 25        MV_LAMBERT.000205

Use the following questions and charts (when appropriate) to assist in identifying the contributing factors and root causes related to the incident. Space is left for comments.

Provide a task description (what was the employee trying to accomplish? Ex. Welding steel beam, unloading truck with forklift): ___N/A___

Employee Qualifications
Experience in job function: ___N/A___  Experience on job site _____
Was this task discussed in the morning briefing? _____
Was the employee trained to conduct this task? _____
Are special certifications or training required? _____
When was the last safety meeting the employee attended? _____
Is there historical information to consider? (Safety reprimands, previous incidents of the same nature etc.) _____

Environmental Factors
Check if any of the listed factors may have contributed to the incident. Explain below.
_____ Lighting                                    _____ Excessive noise
_____ Ventilation                                 _____ Outside weather
_____ Temperature extremes                        _____ Fire / explosion hazard
_____ Congestion / close clearance                _____ Chemical spill / exposure
_____ Confined space (permit req?)                _____ Other hazardous conditions in work area (explain below)

Tools / Equipment / Material
Were tools and/or equipment involved in the incident? __NO__
Were inspections on tools and equipment current? __NO__
Were the tools and equipment proper for the job? __NO__
Was lock out / tag out required? ____ Used properly? ____
Was facility material or property involved? __NO__
Was there damage or defects? __NO__
Were the tools, equipment, and material adequate and meet applicable regulations? __NO__

Procedures / Policies
Is a written procedure provided for the task? __YES__ If yes, was it followed? __yes driver was__
If not, why? __under spotters supervision__

Are there circumstances dictating the procedure could not be followed? _____

At Risk Behavior
Was a safety device bypassed or removed? __✓__
Poor or improper lifting techniques? __✓__
Was there a failure to recognize and correct a hazardous condition? __✓__
Was improper loading or placement of materials a factor? __✓__
Were tools and equipment properly used? __✓__
Was the correct PPE being used by the employee? __✓__ Was it in good condition? __✓__

Comments _____

TAB 25                                              MV_LAMBERT.000206

List below the Preventive Measures / Corrective Actions that have been or will be taken to prevent a recurrence of this incident or other incidents of this type. Include who has been made responsible for the Preventive Measures/ Corrective Actions and the estimated completion date. The listed actions are to be approved for implementation only after the required review and approval signatures are obtained.

1. Responsible Person _____ Estimated completion date _____ Complete _____

2. Responsible Person _____ Estimated completion date _____ Complete _____

3. Responsible Person _____ Estimated completion date _____ Complete _____

4. Responsible Person _____ Estimated completion date _____ Complete _____

5. Responsible Person _____ Estimated completion date _____ Complete _____

6. Responsible Person _____ Estimated completion date _____ Complete _____

Comments: List attachments and use this section for any comments

"Why Tree Diagr m", Photographs,

## Section E - Review and Approval

Note: As a result of your review state (in comments) any Contributing Factors or Preventive measures you feel need to be incorporated.

1. Safety Manager - SCS

_____ Date 10-22-13

2. Project Manager - SCS

_____ Date 10-22-13

Comments _____

Check here if the accident has resulted in OSHA Recordable _____ Lost Time _____          Page 4

TAB 25                                    MV_LAMBERT.000207

Date: 10-28-13    Prepared by: COLE ROJAS

Instructions:
Use this form for *Employee Statements*, additional notes, sketches, or to prepare a *"Sequence of Actions and Events"* for your investigation. Attach to the incident investigation report.

The illustration shows in sequence of 1-2-3 of the path of vehicles leading up to and after the collision.

Car ran past Flagger after being told to stop, turned into blind side & distance closed at turn striking left front fender, Grill Damaged from previous incident Bumper showed Damage from previous wreck

JOB SITE EXIT

CAB

V Tail

STOP

Signature _____

TAB 25                    MV_LAMBERT.000208



TAB 25

MV_LAMBERT.000209



TAB 25                                                      MV_LAMBERT.000210



TAB 25                                                        MV_LAMBERT.000211



TAB 25                          MV_LAMBERT.000212



TAB 25                                    MV_LAMBERT.000213



TAB 25 MV_LAMBERT.000214



TAB 25                                    MV_LAMBERT.000215



TAB 25

MV_LAMBERT.000216

No. 01-15-00349-CV

IN THE COURT OF APPEALS
AT HOUSTON

IN RE MANHATTAN | VAUGHN, JVP

Original Proceeding Regarding
Cause No. 2013-76550
In the 80th Judicial District Court of Harris County, Texas

SUPPLEMENTAL AFFIDAVIT

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared

J.J. KNAUFF, who is personally known to me and, who, after being duly sworn

according to law, deposed and said:

"My name is J.J. Knauff.  I am of sound mind, over the age of twenty-one

(21) years old, capable of making this affidavit, have never been convicted of a

felony, and have personal knowledge of the facts stated herein and affirm that the

following is true and correct.

TAB 26

"I am an attorney of record for Relator in the Underlying Suit, Cause No. 2013-76550, in the 80[th] Judicial District Court of Harris County, Texas (the "Underlying Suit"). I have reviewed the pleadings, discovery, correspondence, and other documents that have been generated and served in this matter. I have also attended the many of the depositions taken in this matter and have taken depositions in this matter. As a result, I have personal knowledge of the pleadings and discovery filed and served in the Underlying Suit, including those filed by Relator and those by other parties. I have read Relator's Petition for Writ of Mandamus and Reply to Response to Relator's Petition for Writ of Mandamus, and all factual statements made therein are true and correct."

"Attached hereto as the Record in this original proceeding are true and correct copies of the following documents and attachments thereto:

**TAB 24:**   Notice of Status Conference;

**TAB 25:**   Relator's Accident Investigation Report: Derr Isabel (MV_LAMBERT.000199-000216);

**TAB 26:**   Affidavit of J.J. Knauff.

"The documents and attachments contained in Exhibits "24-25" above are true and correct copies of the originals."

**FURTHER, AFFIANT SAYETH NOT.**

_____
J.J. KNAUFF

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 2nd day of June

2015, to certify which witness my hand and seal of office.

Notary Public in and for the
State of Texas

KAREN I. MORGAN
NOTARY PUBLIC
State of Texas
Comm. Exp. 01-11-2019